UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| MICHAEL ALLEN OREBAUGH, and ) | Case Number 23-50331 |
| BETH ANN OREBAUGH, ) | |
| ) | |
|     Debtors. ) | |
| ) | |
| GERARD R. VETTER, ) | |
| Acting United States Trustee For Region Four, ) | |
| ) | |
|     Movant, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| MICHAEL ALLEN OREBAUGH, and ) | |
| BETH ANN OREBAUGH, ) | |
| ) | |
|     Respondents. ) | |

**MOTION OF THE UNITED STATES TRUSTEE TO DISMISS CASE FOR ABUSE**

Gerard R. Vetter, Acting United States Trustee for Region Four (the "United States Trustee"), by counsel, moves for the entry of an order dismissing the case of Michael Allen Orebaugh ("Mr. Orebaugh") and Beth Ann Orebaugh ("Mrs. Orebaugh") (collectively, the "Debtors") pursuant to 11 U.S.C. §§ 707(b)(1), (3)(B). In support of this motion, the United States Trustee respectfully states as follows:

JURISDICTION AND VENUE

1. Jurisdiction is proper pursuant to 28 U.S.C. §§ 157 and 1334. The statutory predicates for this motion are 11 U.S.C. §§ 105(a), 707(b)(1), and 707(b)(3)(B).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

1

BACKGROUND

4. The Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on July 12, 2023. The petition indicates that the Debtors' debts are primarily consumer debts. The petition, schedules, statements, and other documents filed at Docket Number 1 are incorporated by reference.

5. The first date set for the meeting of creditors was August 21, 2023.

6. This motion is timely filed.

7. Excluding Mr. Orebaugh's 401(k) with a value of $335,015.27 and four unencumbered vehicles with a total value of $18,360.00, the Debtors scheduled personal property having a total value of $11,259.03.

8. The Debtors' Schedule I discloses that Mr. Orebaugh has been employed by MolsonCoors Beverage Co. for 23 years. They also reported their gross income on line 4 of Schedule I as follows:

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. $ 7,462.60 | $ 0.00 |
| 3. | Estimate and list monthly overtime pay. | 3. +$ 0.00 | +$ 0.00 |
| 4. | Calculate gross Income. Add line 2 + line 3. | 4. $ 7,462.60 | $ 0.00 |

Additionally, the Debtors disclosed other monthly net income on line 8h of Schedule I as follows:

| 8h. | Other monthly income. Specify: Quarterly Bonus (net) - prorated | 8h.+ $ 229.31 | + $ 0.00 |
|---|---|---|---|
| | Annual Companywide bonus (net) - prorated | $ 56.23 | $ 0.00 |

According to Schedule I, the Debtors do not receive any regular contributions from, for example, household members for expenses listed on Schedule J.

9. The Debtors disclosed "combined monthly income" of $4,712.12 on line 12 of Schedule I and line 23a of Schedule J.

10. The income reported on line 4 of Schedule I appears to be an average of the gross income received by Mr. Orebaugh on the following pay dates: April 19, 2023; June 2, 2023; June 16, 2023; and June 30, 2023.

11. Averaged over six months (January 2023 – June 2023), Mr. Orebaugh received gross income averaging $8,279.55, which annualizes to $99,354.60. Over the same period, Mr. Orebaugh received take home pay averaging $4,837.03.

12. On SOFA #4 the Debtors disclosed gross income of $111,871.70 in 2022 and $97,506.11 in 2021.

13. Averaged over six months (January 2023 – June 2023), Mr. Orebaugh made retirement contributions of $787.89 per month and retirement loan repayments of $654.57 per month.

14. On Schedule I, the Debtors claimed a 27-year-old son as a dependent.

15. On Schedule J, the Debtors' disclosed a $500.00 monthly expense for "Pet Supplies & Expenses."

16. During their meeting of creditors, the Debtors testified that the pet expenses include, among other things, payment of $205.33 per month for food for two cats and $3,000.00 a year to have the cats' teeth cleaned.

17 According to line 23b of Schedule J, the Debtors' monthly expenses total $5,001.41 and, according to line 23c of Schedule J, the Debtors' monthly net income is <$289.29>.

18. During their meeting of creditors, the Debtors testified that their son is a minister earning minimal income.

19. The Debtors scheduled credit card debts totaling $153,151.06 on Schedule E/F.

20. During the meeting of creditors, the Debtors testified that they incurred the majority of their debts in or after 2020.

21. The Debtors 2022 federal income tax return indicates they received a refund of $1,686.00. It is likely they also asserted a claim for a refund on their Virginia income tax return.

BASIS FOR RELIEF

22  The Court may enter any order necessary or appropriate to carry out the provisions of the Bankruptcy Code. 11 U.S.C. § 105(a).

23  The Court may dismiss this case or, with the Debtors' consent, convert it "if it finds that the granting of relief would be an abuse of the provisions of [chapter 7 of the Bankruptcy Code]." 11 U.S.C. § 707(b)(1).

24. Section 707(b)(3) of the Bankruptcy Code states:

> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(i) of such paragraph does not arise or is rebutted, the court shall consider—
>
> (A) whether the debtor filed the petition in bad faith; or
> (B) the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

25. The totality of the circumstances of the Debtors' financial situation demonstrates that it would be an abuse of the provisions of chapter 7 of the Bankruptcy Code for the Debtors to receive a chapter 7 discharge. By way of example and not limitation, it appears the Debtors: (i) have the ability to make substantial payments to their creditors whether inside or outside of bankruptcy; (ii) have understated their income on Schedules I and J; (iii) are making large monthly retirement contributions and retirement loan repayments instead of repaying their creditors what they can afford; (iv) are spending excessive amounts on, by way of example and not in limitation,

pets instead of repaying creditors what they can afford; (v) engaged in freewheeling consumer spending leading up to the filing of their case; and (vi) did not file this case because of any sudden loss of income that rendered them unable to pay their living expenses. Viewed under the totality of the circumstances of the Debtors' financial situation, the Court should dismiss the Debtors' case unless they voluntarily convert their case to chapter 13.

26. The United States Trustee reserves the right to alter, amend, and/or supplement the allegations contained herein as more information becomes available.

WHEREFORE, the United States Trustee, by counsel, respectfully requests the entry of an order dismissing the Debtors' case pursuant to § 707(b)(1) of the Bankruptcy Code unless the Debtors voluntarily converts their case to chapter 13.

Date: October 19, 2023

Respectfully submitted,

United States Trustee

By: /s/ W. Joel Charboneau
Trial Attorney for the United States Trustee

## NOTICE OF HEARING

PLEASE TAKE NOTICE that the United States Trustee has filed a *Motion To Dismiss Case For Abuse* (the "Motion"). Unless an order is entered prior to the hearing, a preliminary hearing on the Motion will be held on **November 29, 2023, at 10:00 a.m.** in the United States Bankruptcy Court for the Western District of Virginia via Zoom **(**https://vawb-uscourtsgov.zoomgov.com/j/1603692643. The Zoom Meeting ID is: 160 369 2643).

**If you do not want the Court to grant the relief requested in the motion, then, pursuant to Local Rule 9013-1, you must file a response in the nature of an answer to a complaint in an adversary proceeding not later than 7 days prior to the scheduled hearing. Absent a timely filed response, a proposed order may be tendered to the Court dismissing the case and the Court may treat the motion as conceded and enter the proposed order without the necessity of holding a hearing.**

## CERTIFICATE OF SERVICE

I certify that on October 19, 2023, I caused the foregoing to be electronically filed with the United States Bankruptcy Court for the Western District of Virginia which should have caused electronic notifications of filing to be served on all registered users of the CM/ECF System that have appeared in this case including Debtors' counsel. On this same date, I caused copies to be mailed by first class mail to:

Michael Allen Orebaugh
3439 Pack Saddle Trial
Keezletown, Virginia 22832

Beth Ann Orebaugh
3439 Pack Saddle Trial
Keezletwon, Virginia 22832

/s/ W. Joel Charboneau

W. Joel Charboneau (VSB #68025)
210 First Street, Suite 505
Roanoke, Virginia 24011
540-857-2699
joel.charboneau@usdoj.gov